UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MARK DENNIS,

      Plaintiff,                               Case No. C2-04-CV-1185
                                                     JUDGE GREGORY L. FROST
     v.                                     Magistrate Judge Kemp

BERNE TOWNSHIP TRUSTEES, *et al.*,

      Defendants.

## OPINION & ORDER

In this 42 U.S.C. § 1983 action, Plaintiff Mark Dennis ("Dennis") alleges that Defendants Berne Township, Ohio Trustees ("Trustees") violated his substantive and procedural due process rights. (Doc. # 1). Defendants now move for full summary judgment. (Doc. # 21). The matter is fully briefed and ripe for consideration.

## BACKGROUND

The Trustees appointed Dennis as Fire Chief of the Berne Township Fire Department in 2001. (Nov. 26, 2002 Township Tr. 24). In the summer of 2002, Dennis received a letter from the State of Ohio Fire Marshall's Office indicating that the Berne Township Fire Department had failed to file reports from April 2001 to July 2002 in violation of Ohio Revised Code ("O.R.C.") § 3737.24. (Nov. 26, 2002 Township Tr. Ex. 1). As fire chief, Dennis was responsible for filing the reports. O.R.C. § 3737.24. Because the reports were not filed, the fire department was not eligible for state grants. (Nov. 13, 2003 Hearing in Case No. 02-CV-911 Tr. 111-114, 117-118).

Dennis gave the letter to the Trustees, and the Trustees hired Carl Tatman ("Tatman") to

1

conduct an investigation pursuant to O.R.C. § 505.38(A).[1]  (Dennis Dep. 98-100; Dennis Dep. Ex. 20; Nov. 13, 2003 Hearing in Case No. 02-CV-911 Tr. 65, 95).  On October 31, 2002 Tatman filed a complaint with the Trustees which sought the removal of Dennis as fire chief due to his failure to file the required reports.  *See* O.R.C. § § 505.38 and 733.35 *et seq*.

The trustees conducted a hearing on Tatman's complaint on November 26, 2002.  (Nov. 26, 2002 Township Tr.).  Dennis was present and was represented by counsel.  *Id.*  After the hearing, Trustees Jim Carmichael ("Carmichael") and Robert Bailey ("Bailey") voted to remove Dennis from his position as fire chief while Trustee Clarence Shonebarger ("Shonebarger") voted to let Dennis retain his position.  *Id.*; *see also* Dennis Dep. 28-29.  As a result of the vote, Dennis was demoted from fire chief to fire lieutenant.  (Doc. # 21 Ex. 1 Entry in Case No. 02-CV-911).

Dennis appealed the Board's decision to the Fairfield County, Ohio Court of Common Pleas under O.R.C. § 505.38.[2]  In that case, Dennis asserted that the Trustees, including Carmichael, had violated his rights to equal protection as well as to substantive and procedural due process during the investigation and hearing.  (Doc. # 21 Ex. 1 Entry in Case No. 02-CV-911).  The trial court held that the Trustees had not violated Dennis' right to equal protection and

---

[1] Ohio Revised Code Section 505.38(A) states in relevant part:
To initiate removal proceedings, and for that purpose, the board [of township trustees] shall designate . . . a private citizen to investigate the conduct and prepare the necessary charges in conformity with [sections 733.35 to 733.39 of the Revised Code].

[2] Ohio Revised Code Section 505.38(A) provides:
In case of the removal of a fire chief . . ., an appeal may be had from the decision of the board to the court of common pleas of the county in which the township or fire district fire department is situated to determine the sufficiency of the cause of removal.

2

due process and therefore affirmed the Board's decision. *Id.* Dennis appealed the trial court's decision to Ohio's Fifth District Court of Appeals. (Doc. # 33 Ex. 1).

While that appeal was pending, Dennis filed the instant action in the Fairfield County, Ohio Court of Common Pleas. Specifically, Dennis asserted claims against the Trustees for wrongful discharge and violation of his rights to due process in violation of § 1983. (Doc. # 1). Dennis also asserted a claim for interference with business relations against Defendant Carmichael. *Id.* The Defendants removed the case to this Court pursuant to 28 U.S.C. § § 1367, 1441, and 1446 on December 14, 2004. *Id.* On October 31, 2005, the Fifth District Court of Appeals issued an opinion affirming the trial court's decision. (Doc. # 33 at Ex. 1).

## STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court must therefore grant a motion for summary judgment if the nonmoving party who has the burden of proof at trial fails to make a showing sufficient to establish the existence of an element that is essential to that party's case. *See Muncie Power Prods., Inc. v. United Techs. Auto., Inc.*, 328 F.3d 870, 873 (6th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

In viewing the evidence, the Court must draw all reasonable inferences in favor of the nonmoving party, which must set forth specific facts showing that there is a genuine issue of material fact for trial. *Id.* (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)); *Hamad v. Woodcrest Condo. Ass'n*, 328 F.3d 224, 234 (6th Cir. 2003). A

genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Muncie*, 328 F.3d at 873 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  Consequently, the central issue is " 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' "  *Hamad*, 328 F.3d at 234-35 (quoting *Anderson*, 477 U.S. at 251-52).  However, in ruling on a motion for summary judgment, "a district court is not ... obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989).

## DISCUSSION

Defendants assert that Plaintiff's § 1983 claims are barred by the doctrine of res judicata. (Doc. # 21 at 6-9; Doc. # 28 at 2-5).  In *Migra v. Warren City School District Board of Education*, 465 U.S. 75, 77 n.1 (1984), the United States Supreme Court expressed its preference for the use of the term "claim preclusion" to refer to the preclusive effect of a judgment in foreclosing future litigation rather than the more traditionally utilized term of  "res judicata." "Claim preclusion generally refers to the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit."  *Corzin v. Fordu*, 201 F.3d 693, 702-703 (6th Cir. 1999) (citing *Migra*, 465 U.S. at 77 n.1).  Claim preclusion requires a plaintiff to present every ground for relief in the first action or be forever barred from asserting it.  *Anderson v. Richards*, 179 N.E. 2d 918, 921 (Ohio 1962).

Under 28 U.S.C. § 1738, federal courts are to "give preclusive effect to state-court judgments whenever the courts of the state from which the judgment emerged would do so."

4

Ohio's law on claim preclusion therefore governs the Court's disposition of Defendants' current argument. The Ohio Supreme Court applied the principle of claim preclusion in *Grava v. Parkman Township*, 653 N.E.2d 226, 229 (1995). In that case, the Court held "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action."  The court explained:

> When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar . . . , the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of transactions, out of which the action arose.

*Id.* (quoting Restatement (Second) of Judgments § 24(1) (1982)). The doctrine of claim preclusion encompasses "all claims which were or might have been litigated in the first lawsuit." *Stuhlreyer v. Armco, Inc.*, 12 F.3d 75, 77 (6th Cir. 1993) (citing *National Amusements, Inc. v. Springdale*, 558 N.E.2d 1178, 1180 (Ohio 1990), *cert. denied*, 498 U.S. 1120 (1991)).

Claim preclusion has four elements in Ohio: (1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action. *Corzin*, 201 F.3d at 703-704 (6th Cir. 1999) (citing *Hapgood v. City of Warren*, 127 F.3d 490, 493 (6th Cir. 1997)).

Dennis does not dispute that the elements of claim preclusion are satisfied here. (Doc. # 25 at 8). Rather, Dennis urges the Court to apply an exception to preclusion found in

5

Restatement (Second) of Judgments § 28(4) (1982).  That restatement provides:

> Although an issue is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, relitigation of the issue in a subsequent action between the parties is not precluded in the following circumstances:
>
> . . . .
>
> (4) The party against whom preclusion is sought had a significantly heavier burden of persuasion with respect to the issue in the initial action than in the subsequent action; the burden has shifted to his adversary; or the adversary has a significantly heavier burden than he had in the first action . . . .

Restatement (Second) of Judgments § 28(4) only addresses issue preclusion.  Issue preclusion refers to the effect of a judgment in foreclosing relitigation of a matter that has been actually litigated and decided.  *Migra*, 465 U.S. at 77 n.1.  Thus, issue preclusion is separate and distinct from claim preclusion, and this case only involves claim preclusion.[3]  As such, the exception found in Restatement (Second) of Judgments § 28(4) is inapplicable to the case at bar.  Consequently, the Court holds that claim preclusion bars Plaintiff's § 1983 claims.  Defendants' motion for summary judgment on those claims is **GRANTED**.  (Doc. # 21).

Another issue remains, however.  Section 1983 authorizes a cause of action against "every person" acting under color of law for "the deprivation of any rights, privileges, or

---

[3] "Since the doctrine of res judicata serves important public and private interests, exceptions to the doctrine's application should be narrowly construed."  *Natl. Amusements, Inc.*, 558 N.E.2d 1178 at syllabus.  Hence, Ohio only recognizes two exceptions to claim preclusion.  The first is where a particular policy is paramount to concerns of judicial economy.  *Id.* at 1180-1181.  The other is in school desegregation or racial discrimination cases, where constitutional principles applied to the continuing conduct are changed.  *Id.  See also*, *Phung v. Waste Mgt, Inc.*, 644 N.E.2d 286, 291 (Ohio 1994).

immunities secured by the Constitution and laws. . . ." Although a state official is literally a person, the term "person," as it is used in § 1983, does not include state officials who are sued in their official capacity, because such a suit is no different than a suit against the state itself, which is not permitted. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989); *see also Walker v. Norris*, 917 F.2d 1449, 1457 (6th Cir. 1990). As a result, Dennis asserts that his § 1983 claims against Carmichael are not precluded because he is suing Carmichael in his individual capacity. (Doc. #25 at 9-10). Carmichael retorts that he is being sued in his official capacity only. (Doc. # 21 at 8-9). Alternatively, Carmichael contends that even if he is being sued in his individual capacity, claim preclusion operates to preclude Plaintiff's § 1983 claims against him. *Id*; *see also* Doc. # 28 at 5-6.

The Court need not determine whether Dennis asserts his § 1983 claims against Carmichael in his official or individual capacity because the result is the same under either theory. As noted above, if Dennis is suing Carmichael in his official capacity, his claims are barred. Alternatively, if Dennis is suing Carmichael in his individual capacity his claims are precluded under *Kirkhart v. Keiper*, 805 N.E.2d 1089 (Ohio 2004).

In order for claim preclusion to apply, the second action must involve the same parties, or their privies, as the first action. *Corzin*, 201 F.3d at 703-704 (6th Cir. 1999); *see also Johnson's Island, Inc. v. Danbury Twp. Bd. of Trustees*, 431 N.E.2d 672, 674-675 (Ohio 1982). In this regard, the Ohio Supreme Court noted "what constitutes privity in the context of res judicata is somewhat amorphous." *Brown v. Dayton*, 730 N.E.2d 958 (Ohio 2000). That same court applies a "broad definition to determine whether the relationship between the parties is close enough to invoke the doctrine." *Id.*

7

Dennis argues that his claims against Carmichael are not precluded because the privity requirement is not satisfied. (Doc. # 28 at 10). In *Kirkhart*, however, the court reviewed res judicata's privity mandate and held "privity between defendants is established where a plaintiff brings two lawsuits against the same public officials for acts performed in their official roles, even though the defendants are sued in their official capacities in one lawsuit and in their individual capacities in the other." *Id.* at syllabus.

That is exactly the case here. Dennis' original state court action was against Carmichael in his official capacity based upon Carmichael's official actions as Berne Township Trustee in Dennis' demotion. (Doc. # 21 Ex. 1). Dennis argues that the current action is against Carmichael in his individual capacity for actions Carmichael took in his official role as a Berne Township Trustee. (Doc. # 25 at 9-10). Accordingly, the Court holds that the privity requirement is satisfied under *Kirkhart* and that Dennis' § 1983 claims against Carmichael in his individual capacity, to the extent that Dennis asserts such claims, are barred pursuant to the concept of claim preclusion.

## CONCLUSION

Defendants' motion for summary judgment is **GRANTED** with respect to Plaintiff's § 1983 claims.  (Doc. # 21).  The Court **REMANDS** the remaining state law claims to the Fairfield County, Ohio Court of Common Pleas pursuant to 28 U.S.C. § 1367.  Consequently, the Court **VACATES** the final pre-trial and trial dates.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　 /s/   Gregory L. Frost
　　　　　　　　　　　　　　　　　**GREGORY L. FROST**
　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**